Piao v. Holder

BIA
Horn, IJ
A089 262 869

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand thirteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
     *Circuit Judges.*

_____

YING JIN PIAO,
     *Petitioner,*

          v.                              11-3600
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:          Brian P. Fredericks, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Carl H. McIntyre,

**Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ying Jin Piao, a native and citizen of the People's Republic of China, seeks review of an August 11, 2011, decision of the BIA affirming the November 25, 2009, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Jin Piao*, No. A089 262 869 (B.I.A. Aug. 11, 2011), *aff'g* No. A089 262 869 (Immig. Ct. N.Y. City Nov. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications such as Piao's, which are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the "demeanor, candor, or responsiveness" of the applicant, the "inherent plausibility of the applicant's . . . account," or any inconsistency or omission in an asylum applicant's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-68 (2d Cir. 2008) (*per curiam*).

The IJ's adverse credibility determination was based on four grounds: evidentiary inconsistencies, demeanor findings, implausibilities, and lack of corroboration. Although it is true that the IJ erred regarding one evidentiary inconsistency and made some procedural misstatements, the agency's adverse credibility determination is nevertheless supported by substantial evidence based on the IJ's findings regarding demeanor, another inconsistency, and an implausibility – findings not infected by error. *See Yuanliang Liu v. U.S. Dep't of*

*Justice*, 455 F.3d 106, 110-11 (2d Cir. 2006) (finding substantial evidence supported IJ's adverse credibility determination, despite IJ errors, because IJ also provided valid grounds for credibility finding).

With respect to the two evidentiary inconsistencies cited in the IJ's decision, because the BIA explicitly rejected the finding that Piao's testimony contradicted her asylum interview, that finding is not a valid basis for the adverse credibility determination. The IJ also determined, however, that the evidence Piao submitted of her membership in the China Social Democratic Party was inconsistent with a stamp on that document with the name "China Socialist Democrat Party." Although Piao argues that the difference is "irrelevant" and is outweighed by other objectively reliable evidence, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167.

With respect to Piao's demeanor, the IJ found that during her merits hearings, she "became very uncomfortable and appeared to be anxious," she "hesitated" in her response

4

to a question, and she "became fidgety and was very uncomfortable" when asked to explain contradictory evidence. We generally defer to such findings, because the IJ is in the best position to observe demeanor. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, Piao does not argue that these findings were based on a "misstatement of the facts in the record" that would cause us to decline to defer to the demeanor finding. *See Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). Rather, she argues that the demeanor finding is not entitled to deference because the IJ's errors prejudiced the demeanor ruling. Because the IJ provided alternate, valid grounds for the credibility finding however, Piao failed to demonstrate that she was prejudiced by the IJ's errors. *See Yuanliang Liu*, 455 F.3d at 110-11; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) ("[W]e may affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain respects, provided that despite any errors – considered in the context of the IJ's entire analysis – we can state with confidence that the same decision would be made if we were to remand.").

Piao also provides several explanations for her demeanor, including her lack of English language skills and

the lack of evidence that she had any involvement in creating the contradictory evidence.  However, Piao's attempt to provide plausible explanations for her demeanor "misapprehends the degree of deference we must afford to the IJ's credibility findings" because a petitioner "must do more than offer a plausible explanation . . . to secure relief; [s]he must demonstrate that a reasonable fact-finder would be <u>compelled</u> to credit [her] testimony."  *Majidi*, 430 F.3d at 80 (internal quotation marks omitted).

The IJ also found Piao's testimony regarding the preparation of her asylum application to be implausible.  Piao acknowledges that her application was prepared in an "unorthodox manner," but argues that the IJ failed to put her on notice that she had to produce the Korean version of her statement, and failed to provide her an opportunity to explain this implausibility.  However, Piao was asked how she copied the Mandarin version of her statement when she cannot write in Chinese, and was also asked why she did not submit the original Korean version to the IJ.  Although Piao explained that she was unable to find a Korean translator, the IJ was not required to credit this explanation, especially since Piao acknowledged that she lived in a Korean neighborhood.  *See Majidi*, 430 F.3d at 80.

Having called Piao's credibility into question based on the inconsistency, demeanor, and implausibility, the IJ reasonably relied on Piao's failure to provide any corroboration for her claim that she was politically active in the United States as further support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (*per curiam*).

Given these inconsistency, demeanor, implausibility, and corroboration findings, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the adverse credibility determination affects Piao's assertion of both past harm and future harm, it is dispositive of her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk